UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

MILDENBERG AND STALBAUM, P.C.
By:    BRIAN R. MILDENBERG, ESQUIRE
123 S. Broad Street, Suite 1610
Philadelphia, PA 19109
(215) 545-4870                                                      *Counsel for Plaintiffs*

| | | |
|---|---|---|
| **KENNETH GREENE,** | : | |
| *Plaintiff,* | : | Civ. No. _____ |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA; and** | : | |
| | : | |
| **JOHN/JANE DOES #1-10,000,** | : | |
| | : | |
| *Defendants.*   : | | |

## COMPLAINT AND JURY DEMAND

**COMES NOW** Plaintiff, by and through undersigned counsel, MILDENBERG AND

STALBAUM, P.C., complaining of Defendants, and respectfully aver as follows:

### I.    PARTIES

1. Plaintiff, Kenneth Greene, is a Fire Lieutenant in the Philadelphia Fire

Department.

2. Defendant, the City of Philadelphia, is a municipal agency duly existing in

the Commonwealth of Pennsylvania, and is the entity legally responsible for the actions of

the Philadelphia Fire Department complained of herein.

3. Defendants, John/Jane Does #1-10,000, are individuals and or entities

unknown to Plaintiff at this time, who are or may be responsible for the herein alleged

violations of law, and whom the Plaintiffs reserve the right to join as Defendants, or to

substitute the actual names thereof, upon discovery of same in the due course of

investigation.

4. At all times relevant hereto, Defendants acted by and through their agents, officers, shareholders, employees, servants, directors, executives, trustees and members, who were acting within the course and scope of their employment or agency or duties on behalf of the respective Defendants.

## II. JURISDICTION AND VENUE

5. The above paragraphs are incorporated herein by reference.

6. Jurisdiction over the matter is conferred upon the Court by, *inter alia,* 42 U.S.C. §§ 1981, 1983 and 1985 *et seq.*

7. Venue lies in this judicial district because the events which give rise to the claims raised herein occurred in this judicial district.

## III.    FACTS

8. The above paragraphs are incorporated herein by reference.

9. Plaintiff became the President of Club Valiants, Inc., the Philadelphia Chapter of the International Association of Black Professional Fire Fighters, in or around 2008 and served in said capacity until in or around 2010.

10.    Prior to serving as president of Club Valiants, for a period of approximately ten (10) years, Plaintiff was an active member of Club Valiants and served in several capacities as an official of the Club, including but not limited to First Vice President and Second Vice President.

11.    During and prior to Plaintiff's time as President of Club Valiants, Plaintiff engaged in protected civil rights activity, as defined by federal law, as follows:

a.    Plaintiff participated in the filing and pursuit of litigation against the

City of Philadelphia concerning a racially discriminatory website known as Domelights.com. That case is docketed in this Honorable Court and captioned *Guardian Civic League et al v. City of Philadelphia et al.,* Civ. No. 09-3148-CMR. The contents of all pleadings in that case are incorporated herein by reference. All allegations made in the Complaint in that case are incorporated herein by reference.

    b.  In connection with the said case, Plaintiff attended a court hearing and was introduced to the Court on the record as a witness and concerned party on behalf of Philadelphia's African American Fire Fighters and as President of Club Valiants, Inc.

    c.  Plaintiff also participated in the filing and pursuit of litigation against the City of Philadelphia, Local 22, the Philadelphia Fire Fighters' Union, and an organization known as the Caucasian Fire Fighters Association a/k/a/ Concerned Fire Fighters Association ("CAFFA") for racial discrimination related to, inter alia, the domelights.com website; the Local 22 website; harassment and discrimination by Local 22; and, the creation of a racially hostile environment in the Philadelphia Fire Department. That litigation is docketed in this Honorable Court and captioned *Club Valiants et al. v. City of Philadelphia et al.,* 09-5271-CMR. The contents of all pleadings in that case are incorporated herein by reference. All allegations made in the Complaint in that case are incorporated herein by reference.

    d.  Plaintiff also participated in the defense of litigation brought by CAFFA and the City of Philadelphia to dissolve or modify the long term Consent Decree governing Philadelphia Fire Fighter hiring and requiring remedial hiring of African American applicants for positions in the Philadelphia Fire Department. That case is docketed in this Honorable Court and captioned *Commonwealth of Pennsylvania v. Rizzo*

*et al.,* 74-00258-TR. In that case, in his capacity as President of Club Valiants, Inc., Plaintiff attended proceedings in federal court including hearings and settlement conferences.

      e.      Plaintiff has also participated in various advocacy activities including but not limited to interviews with the press, television appearances concerning the litigation cases, and other public activities to forward the rights of African-American Philadelphia Fire Fighters.

      12.      Since in or around the time of Plaintiff's protected civil rights activities, including those aforesaid, and in retaliation therefor, Plaintiff has been the victim of retaliation from the City of Philadelphia concerning his terms, conditions, and benefits of employment, including but not limited to the following:

      a.      Plaintiff was falsely placed on a lay-off list based on false job evaluations and scores assigned to Plaintiff;

      b.      Plaintiff has experienced a series of false and retaliatory disciplinary actions and has had several charges filed against him that are unjust and solely retaliatory, including charges for alleged insubordination and failure to perform duties;

      c.      The City of Philadelphia has initiated several investigations against Plaintiff for the false charges noted above;

      d.      The City of Philadelphia has refused and failed to investigate Plaintiff's claims of retaliation and discrimination and has refused to investigate a formal complaint filed by Plaintiff with the Special Investigating Officer of the Fire Department concerning potentially life threatening actions taken against him by certain Caucasian Fire Fighters in what Plaintiff alleges is retaliation for his civil rights activities. Instead of

investigating Plaintiff's complaints, the City has started investigations against Plaintiff.

      e.     Most recently, on August 14, 2011, the City has charged Plaintiff with five (5) separate charges of "insubordination," and "disobedience of orders" and has listed him to appear before a "trial board," all of which constitutes retaliation and is a continuation of the pattern of retaliation Plaintiff has suffered because of his protected civil rights activity.

      13.     In addition to the foregoing, Plaintiff has been made to suffer through a hostile work environment as a result of the retaliation, and as a result of the pervasive website materials referenced in the prior litigations noted herein.

      14.     Plaintiff has made complaints to the City of Philadelphia, but the conduct has not ceased, and has continued until the date of the filing of the instant legal action.

      15.     Rather, at all times relevant hereto, the managers of the Philadelphia Fire Department and Philadelphia Police Department including but not limited to the Commissioners thereof, have ignored the complaints, or have been deliberately indifferent to them, or have acquiesced to the ignoring of them, and have allowed or acquiesced to discriminatory material that was used, operated, and published from computers owned by the Fire Department and the City, by employees of the City and Fire Department, including those of rank and supervisory position, both on duty and off duty.

      16.     The aforesaid discriminatory actions have created a racially offensive and hostile work environment for Plaintiff.

      17.     By and through its conduct, the City of Philadelphia evidenced a policy, practice or custom of allowing the use of its computers for racially hostile

purposes, and allowing its employee Fire Fighters and Police Officers to engage in public, racially offensive and hostile commentary and postings.

18.      By and through these actions, the Fire Department has also engaged in a policy or custom of retaliating against Plaintiff for his protected civil rights activities, and of allowing harassment of Plaintiff including but not limited to false investigations of Plaintiff and refusing to investigate Plaintiff's valid complaints concerning potentially life-threatening actions of other Fire Fighters against him at fire scenes.

## COUNT I

## CIVIL RIGHTS ACT

## FEDERAL CIVIL RIGHTS VIOLATION/DISCRIMINATION

### 42 U.S.C. § 1981 as enforceable through § 1983

19.      The foregoing paragraphs are incorporated herein by reference.

20.      As a result of their actions as aforesaid, Defendant has denied Plaintiff the right to the same terms, conditions, privileges and benefits of their employment agreement with the City of Philadelphia Fire Department, in violation of 42 U.S.C. § 1981.

21.      Such violation of 42 U.S.C. § 1981 is actionable against the City of Philadelphia, a municipal entity, pursuant to 42 U.S.C. § 1983.

22.      As a result of the aforesaid racially offensive conduct, Plaintiff has been discriminated against on the basis of his race, made to suffer humiliation and embarrassment, emotional distress, and has sustained damages for which recovery of compensatory damages may be had pursuant to 42 U.S.C. § 1983.

23.      In addition, Plaintiff is entitled to an award of all relief available

under 42 U.S.C. § 1988.

## COUNT II

## CIVIL RIGHTS ACT

## FEDERAL CIVIL RIGHTS VIOLATION/CIVIL RIGHTS CONSPIRACY

## 42 U.S.C. § 1983

24.     The foregoing paragraphs are incorporated herein by reference.

25.     As a result of the aforesaid, Defendants have denied Plaintiff of substantive and procedural due process.

26.     As a result of the aforesaid, Defendants have violated Plaintiff's rights under the First Amendment of the Constitution of the United States.

## COUNT III

## CIVIL RIGHTS ACT

## FEDERAL CIVIL RIGHTS VIOLATION/CIVIL RIGHTS CONSPIRACY

## 42 U.S.C. § 1985

27.     The foregoing paragraphs are incorporated herein by reference.

28.     The foregoing paragraphs are incorporated by reference.

29.     The aforesaid conduct of Defendants deprived Plaintiff of his rights as secured by 42 U.S.C. §§ 1981 and 1983.

30.     Defendants agreed or conspired with one another to engage in such conduct, for the intended purpose of depriving Plaintiff of the aforesaid federally guaranteed civil rights.

31.     As a result of the aforesaid racially offensive conduct, Plaintiff has been discriminated against on the basis of his race, made to suffer humiliation and

embarrassment, emotional distress, and has sustained damages for which recovery of compensatory and punitive damages may be had pursuant to 42 U.S.C. § 1985.

      32.      In addition, Plaintiff is entitled to an award of all relief available under 42 U.S.C. § 1988.

## COUNT IV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

      33.      The foregoing paragraphs are incorporated herein by reference.

      34.      As a result of the foregoing, Defendants, who acted intentionally, are liable for the tort of intentional infliction of emotional distress, and Plaintiff is entitled to damages therefor.

## COUNT V

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

      35.      The foregoing paragraphs are incorporated herein by reference.

      36.      As a result of the foregoing, Defendants, who acted negligently, are liable for the tort of intentional infliction of emotional distress, and Plaintiff is entitled to damages therefor.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants, and Order the following relief:

      a.    A declaratory judgment declaring that Defendants have illegally discriminated against Plaintiff because of the color of his skin;

      b.    An appropriate remedial order, granting injunctive relief, directing, requiring and ordering the Philadelphia Fire Department to:

           i.    Cease and desist all acts of proscribed racial discrimination as required pursuant to 42. U.S.C. §§ 1981, 1983 and 1985 *et seq.;*

           ii.    To take such other remedial action as is needed to enforce compliance with all relevant standards of non-discrimination on the basis of race or color.

      c.    Payment of compensatory and punitive damages to Plaintiff in an amount to be determined at trial, together with an award of such ancillary relief as is available in an action brought pursuant to 42. U.S.C. §§ 1981, 1983 and 1985 *et seq.* by virtue of 42 U.S.C. § 1988.

      d.    Order that Defendant the City of Philadelphia must investigate and take action on Plaintiff's formal complaints;

      e.    Order that Defendant the City of Philadelphia shall cease to retaliate against Plaintiff;

      f.    Order such additional relief as is deemed just and proper, or that the interests of justice may require.

## JURY DEMAND

The Plaintiff hereby demands a jury trial as to all issues so triable herein.


Respectfully submitted,

MILDENBERG AND STALBAUM, P.C.

Date: August 24, 2011       By: */s/ Brian R. Mildenberg*
                            **BRIAN R. MILDENBERG, ESQUIRE**
                            **123 S. Broad Street, Suite 1610**
                            **Philadelphia, PA 19109**
                            **(215) 545-4870**
                            *Counsel for Plaintiff*