IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KENNETH GREENE,** : | |
| Plaintiff : | **CIVIL ACTION** |
| : | |
| v. : | |
| : | |
| **CITY OF PHILADELPHIA and** : | |
| **JOHN/JANE DOES #1-10,000,** : | **NO. 11-5356** |
| Defendants : | |

## MEMORANDUM OPINION

Rufe, J.                                                                                           September 26, 2012

This case is one of several actions that relate to a website known as "Domelights.com" which allegedly featured inflammatory racial commentary by current and former Philadelphia police officers and firefighters. Plaintiff, a lieutenant in the Philadelphia Fire Department, alleges that Defendant, the City of Philadelphia, discriminated and retaliated against him for his objections to the website. The City has moved to dismiss the First Amended Complaint (the "Complaint"). The motion will be granted in part and denied in part.

### I.   BACKGROUND

Plaintiff is the former president of Club Valiants, Inc., the Philadelphia Chapter of the International Association of Black Professional Fire Fighters.[1] In 2009, in his capacity as the president of Club Valiants, Plaintiff filed a complaint against the City and the Philadelphia Fire Fighters Union Local 22, alleging racial discrimination, including a racially hostile environment engendered in part by the pervasive use at fire stations of Domelights.com (the "Club Valiants"

---

[1] First Am. Compl. ¶ 9.

case).[2]  Plaintiff purports to incorporate by reference into the Complaint all of the pleadings in the Club Valiants case, which was settled in 2011.[3]  Plaintiff also participated in another lawsuit, this one filed by the Guardian Civic League (the Philadelphia Chapter of the National Black Police Association), concerning the atmosphere created by Domelights.com in the Philadelphia Police Department; Plaintiff also purports to incorporate by reference into the Complaint all of the pleadings in that case.[4]  That case also settled in 2011.  Plaintiff alleges that the extensive use of City computers for posting by City employees on Domelights.com and the City's failure to put a stop to the offensive posting until the earlier lawsuits were filed created a hostile work environment, and that as a result of his involvement in these cases, he has suffered retaliation in the form of unwarranted disciplinary complaints and a lay-off notice, in violation of his constitutional rights.

In Count I, Plaintiff alleges "federal civil rights violation/discrimination" pursuant to "42 U.S.C. § 1981 as enforceable through § 1983."  In Count II, Plaintiff alleges "federal civil rights violation/civil rights conspiracy" pursuant to 42 U.S.C. § 1983, specifically referencing Plaintiff's rights under the First Amendment.  Count III alleges "federal civil rights violation/civil rights conspiracy" pursuant to 42 U.S.C. § 1985.  Counts IV and V allege intentional infliction of emotional distress and negligent infliction of emotional distress, respectively.

---

[2] Civ. A. No. 09-5271.

[3] First Am. Compl. ¶ 11.a.

[4] Civ. A. No. 09-3148; First. Am. Compl. ¶ 11.c.

## II. STANDARD OF REVIEW

Dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" does not possess enough substance to show that plaintiff is entitled to relief.[5] In determining whether a motion to dismiss is appropriate the court must consider those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[6] Courts are not bound to accept as true legal conclusions couched as factual allegations.[7] Something more than a mere possibility of a claim must be alleged; the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[8] The complaint must set forth direct or inferential allegations with regard to all the material elements necessary to sustain recovery under some viable legal theory.[9] The court has no duty to "conjure up unpleaded facts that might turn a frivolous claim . . . into a substantial one."[10]

---

[5] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

[6] ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir.1994); Fay v. Muhlenberg Coll., No. 07–4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[7] Twombly, 550 U.S. at 555, 564.

[8] Id. at 570.

[9] Id. at 562.

[10] Id. (citing McGregor v. Indus. Excess Landfill, Inc., 856 F.2d 39, 42–43 (6th Cir.1988)).

3

## III.   DISCUSSION

### A. Count I:  Hostile Work Environment

Plaintiff asserts a claim for racial discrimination that may reasonably be read as one alleging a hostile work environment pursuant to 42 U.S.C. §§ 1981 and 1983.[11]  To state a claim for hostile work environment against the City, Plaintiff must allege that 1) he suffered intentional discrimination because of his race; 2) the discrimination was pervasive and regular; 3) the discrimination detrimentally affected him; 4)  the discrimination would detrimentally affect a reasonable person of the same protected class in Plaintiff's position; and 5) the existence of a policy or custom of the municipality caused the hostile work environment.[12]  Plaintiff alleges the widespread use of City computers for the posting of racial invective by members of the police and fire departments, including insults possibly directed against him, and alleges that this activity was known by both the Commissioner of the Philadelphia Fire Department[13] and the Mayor,[14] who failed to put a stop to it until the earlier lawsuits were filed and generated significant publicity.  In pleading knowledge of and acquiescence to the allegedly hostile work environment

---

[11] Section 1981 provides in relevant part that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981.  When a § 1981 claim is asserted against a municipality, the Supreme Court has held that § 1983 provides the exclusive remedy.  Jet v. Dallas Indep. Sch. Dist., 491 U.S. 701, 735 (1989).

[12] White v. City of Phila., No. 11-4197, 2012 WL 28074, at *4 (E.D. Pa. Jan. 5, 2012) (citations omitted).

[13] First Am. Compl. ¶ 16.

[14] First Am. Compl. ¶ 17.

by these officials, the Complaint "sufficiently sets forth a claim that a City policy or custom created a hostile work environment."[15]  The City's motion will be denied as to Count I.[16]

### B.  Count II:  First Amendment Retaliation

Plaintiff alleges that his participation in the earlier litigation constitutes speech on a matter of public concern, and that the City retaliated against this protected speech by subjecting him to placement on a lay-off list (although Plaintiff was not laid off) and to the filing of unjustified disciplinary complaints against him.

A public employee asserting a claim against his employer for First Amendment retaliation must allege that his speech constituted protected activity and that it was a substantial or motivating factor for the alleged retaliatory conduct.[17]  For speech to constitute protected activity it must relate to a matter of public concern; that is, if it can be "fairly considered as relating to any matter of political, social or other concern to the community. . . ."[18]  Where a plaintiff alleges discriminatory conduct, the Court must consider whether the discrimination was practiced by elected or high-ranking officials,[19] and whether the discrimination complained of was an isolated incident or part of a widespread pattern of discrimination.[20]  In this case, Plaintiff alleges that he

---

[15] White, 2012 WL 28074, at *5.

[16] Defendant argues that Plaintiff cannot state a claim for discrimination resulting in an adverse employment action because he failed to identify either an adverse employment action or other employees who were treated more favorably.  Plaintiff does not respond to this argument, which the Court takes to mean that Plaintiff is not attempting to assert a claim for employment discrimination other than a hostile work environment claim.

[17] Feldman v. Phila. Hous. Auth., 43 F.3d 823, 829 (3d Cir.1994).

[18] Connick v. Myers, 461 U.S. 138, 146 (1983).

[19] Azzaro v. Cty. of Allegheny, 110 F.3d 968, 977-78 (3d Cir. 1997) (en banc).

[20] Bell v. City of Phila., 275 F. App'x 157, 159 (3d Cir. 2008).

spoke out against the racially offensive postings made by numerous Philadelphia police officers and firefighters, who were acting with the knowledge or acquiescence of high-ranking City officials.  Plaintiff argues, and Defendant does not dispute, that the allegations of the earlier lawsuits generated substantial news coverage and commentary.  The Court finds that Plaintiff's speech related to a matter of public concern.  Plaintiff also alleges that disciplinary complaints were filed against him in retaliation for this speech, and these allegations suffice to state a claim.[21]  The motion to dismiss will be denied as to Count II.[22]

### C.  Count III:  Conspiracy under Section 1985

"To state a cause of action under Section 1985, a complaint must allege (1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws,[23] (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States."[24]  Plaintiff also must allege that an official custom or policy of the City resulted in the discriminatory acts allegedly taken against him, and that those conspiring with the City were acting in a personal, as opposed to official capacity, or were independent third

---

[21] See, e.g., Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (on a motion to dismiss in a discrimination case, the plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotation and citations omitted).

[22] Defendant argues that Plaintiff has not stated a claim for violation of his rights of procedural or substantive due process.  Plaintiff does not respond to these arguments, which the Court takes to mean that Plaintiff is not attempting to assert a claim in Count II other than the claim for retaliation based on the assertion of his First Amendment rights.

[23] This element requires "that the conspirators be motivated by class-based invidiously discriminatory animus and that the plaintiff be the victim of an injury he or she seeks to remedy by means of § 1985(3)."  Farer v. City of Paterson, 440 F.3d 131, 135 (3d Cir. 2006).

[24] DiBartolo v. City of Phila., Civ. A. No. 99-cv-1734, 2000 WL 217746, at *5 (E.D. Pa. Feb. 15, 2000) (citations omitted).

parties alleged to have joined the conspiracy.[25] In the Complaint, Plaintiff does not identify any of the City's alleged co-conspirators by name, nor does he allege the capacity in which the co-conspirators were acting, or any facts from which an agreement to discriminate may be inferred.[26] Count III will be dismissed without prejudice, and Plaintiff will be granted leave to amend this claim.

### D.  Counts IV and V:  Emotional Distress

To bring a claim for the state-law claim of intentional infliction of emotional distress, a plaintiff must demonstrate: 1) that the defendant's conduct was extreme and outrageous; 2) that the conduct was intentional or reckless; 3) that the conduct caused emotional distress; and 4) that the resulting emotional distress was severe.[27]  "The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society."[28] The tort is "reserved by the courts for

---

[25] Id. (citations and quotation omitted).

[26] Plaintiff identifies several individuals in his response to the motion to dismiss and attaches to the Complaint an internal complaint he filed that names certain individuals.  These actions do not suffice to put any prospective defendants on notice; nor do they meet the standard for alleging conspiracy.

[27] See Bruffet v. Warner Commc'ns, Inc., 692 F.2d 910, 914 (3d Cir. 1982) (citing Chuy v. Phila. Eagles Football Club, 595 F.2d 1265, 1273 (3d Cir. 1979) (en banc)); Ruder v. Pequea Valley Sch. Dist., 790 F. Supp. 2d 377, 397 (E.D. Pa. 2011).  The Pennsylvania Supreme Court has not expressly recognized a cause of action for the tort of intentional infliction of emotional distress, but "has acknowledged its existence and has analyzed its elements in various respects." Weiley v. Albert Einstein Med. Ctr., No. 339 EDA 2011, 2012 WL 1889634, at *10 n.12 (Pa. Super. Ct. May 24, 2012) (citing Hoy v. Angelone, 720 A.2d 745, 754 n.10 (Pa. 1998); Kazatsky v. King David Mem'l Park, Inc., 527 A.2d 988, 988-89 (Pa. 1987)). The Pennsylvania Supreme Court has not formally adopted § 46 of the Restatement of Torts, but has cited this section "as setting forth the minimum elements necessary to sustain such a cause of action."  Taylor v. Albert Einstein Med. Ctr., 754 A.2d 650, 652 (Pa. 2000) (citing Kazatsky, 527 A.2d at 988); see also Reedy v. Evanson, 615 F.3d 197, 231-32 (3d Cir. 2010) (recognizing intentional infliction of emotional distress as a tort in Pennsylvania).

[28] Hoy, 720 A.2d at 754 (quoting Buczek v. First Nat'l Bank of Mifflintown, 531 A.2d 1122, 1125 (Pa. Super. Ct. 1987) (internal quotation omitted)).

only the most clearly desperate and ultra extreme conduct."[29]

Under Pennsylvania law, "the cause of action for negligent infliction of emotional distress is restricted to four factual scenarios: (1) situations where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) the plaintiff was subjected to a physical impact; (3) the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) the plaintiff observed a tortious injury to a close relative."[30]

The Third Circuit has concluded that, in Pennsylvania, "both intentional and negligent infliction of emotional distress require[] a manifestation of physical impairment resulting from the distress"[31] or "some type of resulting physical harm due to the defendant's outrageous conduct."[32]  As to the severity of the resulting distress, "[t]he Pennsylvania Supreme Court has enunciated an objective standard, permitting recovery only 'where a reasonable person normally constituted would be unable to adequately cope with the mental stress engendered by the circumstances of the event.'"[33]  A plaintiff must therefore "plead facts that would support an inference that the distress . . . suffered was the kind of unbearable mental anguish that rose to the

---

[29] Id.

[30] Toney v. Chester Cnty Hosp., 961 A.2d 192, 197-98 (Pa. Super. Ct. 2008).

[31] Fulton v. United States, 198 F. App'x 210, 215 (3d. Cir. 2006) (citing Reeves v. Middletown Athletic Ass'n, 866 A.2d 1115, 1122-23 (Pa. Super. Ct. 2004)).

[32] Reedy, 615 F.3d at 231 (quoting Swisher v. Pitz, 868 A.2d 1228, 1230 (Pa. Super. Ct. 2005)) (quotation marks omitted); Reeves, 866 A.2d at 1122-23 (citing Fewell v. Besner, 664 A.2d 577, 582 (Pa. Super. Ct. 1995) ("[A] plaintiff must suffer some type of resulting physical harm due to the defendant's outrageous conduct.")   But see McClease v. R.R. Donnelley & Sons Co., 226 F. Supp. 2d 695, 702-703 (E.D. Pa. 2002) (holding that physical harm includes ongoing mental and emotional harm, and sustaining an intentional infliction of emotional distress claim where a plaintiff alleged only "serious emotional harm, psychological distress and damage") (citations and quotation marks omitted).

[33] Mastromatteo v. Simock, 866 F. Supp. 853, 859 (E.D. Pa. 1994) (quoting Kazatsky, 527 A.2d at 993).

level of severe emotional distress."[34]

The Court concludes that as currently pled, the Complaint does not state a cause of action for intentional or negligent infliction of emotional distress.  The allegations upon which Plaintiff relies to demonstrate that he suffered physical injury are that the City

> has refused to investigate a formal complaint filed by Plaintiff with the Special Investigating Officer ("SIO") of the Fire Department concerning potentially life threatening actions taken against him by certain Caucasian Fire Fighters in what Plaintiff alleges is retaliation for his civil rights activities.  A true and correct copy of the complaint filed by Plaintiff with the SIO is attached hereto, made a part hereof by reference, and marked Exhibit A.[35]

Exhibit A is a letter in which Plaintiff alleges that a Fire Department Captain and a Battalion Chief placed Plaintiff in danger at two separate fire scenes, one of which resulted in injury to Plaintiff.  However, Plaintiff does not allege that the City's failure to investigate caused him injury; instead, he alleges that he already had been injured when he sought an investigation, and Plaintiff does not otherwise allege that he has suffered the kind of severe emotional distress necessary to state a claim.  The motion to dismiss Counts IV and V will be granted with leave to amend.

**E.  The Court's Motion to Strike**

As discussed above, certain claims will be dismissed with leave to amend.  Whether or not Plaintiff chooses to file an amended complaint, the Court must address a further deficiency in the Complaint with regard to the following allegations:

> 11.a.  Plaintiff participated in the filing and pursuit of litigation against the City of Philadelphia concerning a racially discriminatory website known as

---

[34] Kist v. Fatula, No. 3:2006-67, 2007 WL 2404721, at *22 (W.D. Pa. Aug. 17, 2007).

[35] First Am. Compl. ¶ 12.d (emphasis omitted).

Domelights.com. That case is docketed in this Honorable Court and captioned *Guardian Civic League et al. v. City of Philadelphia et al.*, Civ. No. 09-3148-CMR. The contents of all pleadings in that case are incorporated herein by reference. All allegations made in the Complaint in that case are incorporated herein by reference, and re-alleged as though fully set forth herein.

11.c.  Plaintiff also participated in the filing and pursuit of litigation against the City of Philadelphia and the Defendant herein, Local 22, as well as an organization known as the Caucasian Fire Fighters Association a/k/a/ Concerned Fire Fighters Association ("CAFFA") for racial discrimination related to, inter alia, the Domelights.com website; the Local 22 website; harassment and discrimination by Local 22 and members of CAFFA; and. the creation of a racially hostile environment in the Philadelphia Fire Department and at Local 22. That litigation is docketed in this Honorable Court and captioned *Club Valiants et al. v. City of Philadelphia et al.*, 09-5271-CMR.  The contents of all pleadings in that case are incorporated herein by reference. All allegations made in the Complaint in that case are incorporated herein by reference, and re–alleged as though fully set forth herein.

As the Court held in ruling on a motion for a more definite statement in a related case with nearly identical allegations, these allegations "are so vague and ambiguous that Defendant[] cannot reasonably be expected to respond to the allegations therein . . . .  The dockets in these cases have almost one hundred entries and encompass [two] related cases.  Plaintiff cannot simply incorporate the 'contents of all pleadings' and 'all allegations made in the Complaint[s]' in these cases in attempt to satisfy his pleading requirements under the Federal Rules.  These allegations are so overbroad as to make it unreasonable to require a specific response."[36]  Accordingly, the Court on its own motion strikes these allegations as impertinent pursuant to Federal Rule of Civil Procedure 12(f) and directs that if an amended complaint is filed Plaintiff must define the specific factual allegations which form the basis of his claims with respect to these paragraphs.

---

[36] Greene v. The Phila. Fire Fighters' Union, Local #22, Int'l Ass'n of Firefighters , Civ. A. No. 11-7014 (Order of June 6, 2012, Doc. No. 5).

**IV. CONCLUSION**

The claims of racial discrimination based on hostile work environment and retaliation based on the assertion of First Amendment rights will not be dismissed. All other claims will be dismissed without prejudice and with leave to file an amended complaint. An order will be entered.